IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


SAMUEL E. WHISEL, HL-8260,    )
    Petitioner,    )
    )
    v.    ) 2:12-cv-779
    )
COMMONWEALTH, et al.,    )
    Respondents.    )


REPORT and RECOMMENDATION

I. Recommendation:

It is respectfully recommended that the petition of Samuel E. Whisel for a writ of habeas corpus be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.


II. Report:

Samuel E. Whisel, an inmate at the State Correctional Institution at Somerset has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis. Whisel is presently serving a fifteen to thirty year sentence to be followed by a ten year period of special probation following his conviction by a jury of attempted homicide, aggravated assault, simple assault, reckless endangerment and endangering the welfare of a child at No. CP-37-CR-223-2007 in the Court of Common Pleas of Lawrence County, Pennsylvania. This sentence was imposed on March 3, 2008.[1]

An appeal was taken to the Superior Court in which the question presented was:

Whether the Commonwealth failed to prove the defendant guilty beyond a reasonable doubt on the charge of attempted homicide?[2]

On February 27, 2009, the judgment was affirmed.[3] Leave to appeal to the Pennsylvania Supreme Court was not sought.

---

[1] See: Petition at ¶¶ 1-6.
[2] See: Appellant's brief at Superior Court docket 662 WDA 2008 which is part of the state court records.
[3] See: Memorandum of the Superior Court filed on February 27, 2009 which is part of the state court records.

Whisel then filed a post-conviction petition in the Court of Common Pleas and relief was denied on March 25, 2011. An appeal was taken to the Superior Court in which the issues presented were:

I.      The Lawrence County Court of Common Pleas erred in denying the petition for appointment of medical expert(s) filed in connection with the amended petition of Samuel E. Whisel under the Pennsylvania Post Conviction Relief Act.

II.     The Lawrence County Court of Common Pleas erred in failing to decide that petitioner's guilty verdict and conviction have been unconstitutionally sustained as a result of prior defense (trial and/or appellate) counsel ineffectiveness:

   (a) Attorney Michael A. Frisk, Jr. Esq., was ineffective in failing to properly question the prosecution medical expert and/or failing to introduce expert medical evidence at trial from a pediatric physician for the purpose of rebutting the opinion testimony of the prosecution medical expert that the victim's injuries were life threatening, i.e., the result of deadly force applied to vital part(s) of the body.

   (b) Attorney Michael A. Frisk, Jr., Esq., was ineffective in failing to introduce medical expert evidence at trial and/or at sentencing from a psychiatric physician to evaluate petitioner's medical/mental health condition/treatment/history as it relates to his state of mind (i.e., intent to kill and/or cause bodily injury) during the incident leading to the charge(s) against petitioner in this case.

   (c) Attorney Michael A. Frisk, Jr., Esq. was ineffective in failing to pursue and/or preserve available issue(s) relating to introduction of a statement made by the victim under the "excited utterance" exception to the hearsay rule.

   (d) Attorney Michael A. Frisk, Jr., Esq. was ineffective in failing to pursue and/or preserve appealable issues involving jury selection and/or lack of weight/insufficiency of the evidence; since he failed to use peremptory strikes to eliminate potentially biased jurors and since he failed to properly request and/or preserve an objection to jury instruction(s)/interrogatories on intent to kill and/or use of deadly force that were framed in non-neutral language.[4]

---

[4]  See: Appellant's brief at Superior Court docket 689 WDA 2011 which is part of the state court records

On November 29, 2011the Superior Court affirmed the denial of relief.[5] Leave to appeal to the Pennsylvania Supreme Court was denied on May 15, 2012.[6]

In the instant petition submitted on June 12, 2012, petitioner contends he is entitled to relief on the following grounds:

1. Trial counsel was ineffective in failing to introduce medical expert evidence at trial for the purpose of rebutting the opinion testimony of the prosecution's medical expert.

2. Trial counsel was ineffective in failing to introduce medical expert evidence from a psychiatric physician as it relates to my state of mind at trial and at sentencing.

3. Trial counsel was ineffective in failing to pursue and or preserve available issues relating to introduction of a statement made by the victim under the "excited utterance" exception to the hearsay rule.

4. Trial counsel was ineffective in failing to preserve an objection to the jury instructions on intent to kill where the trial judge used non-neutral language that the defendant "did punch, strike and beat" the victim.[7]

It is provided in 28 U.S.C. §2254(b) that:

An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

---

[5] See: Superior Court Memorandum of November 29, 2011 which is part of the state court records.
[6] See: Order entered at 686 WAL 2011 which is part of the state court records.
[7] See: Petition at ¶ 12.

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.
> We must thus decide whether the state supreme court's "adjudication of the claim ... resulted in a decision that was *contrary to*, or involved *an unreasonable application* of, clearly established Federal law, as determined by the Supreme Court of the United States...
>
> A state court adjudication is "contrary to" Supreme Court precedent if it results from the application of "a rule that contradicts the governing law set forth" by the Supreme Court or is inconsistent with Supreme Court decision in a case involving "materially indistinguishable" facts ... "A state court decision fails the 'unreasonable application' prong only 'if the court identifies the correct governing rule from the Supreme Court's cases but unreasonably applies it to the facts of the particular case or if the state court either unreasonably extends a legal principle from the Supreme Court's precedent to a new context where it should not apply or

unreasonably refuses to extend the principle to a new context where it should apply...(citations omitted).

That is, the state court determination must be objectively unreasonable. <u>Renico v. Lett</u>, 130 S.Ct. 1855 (2010).

In the instant case, it appears that the issue which the petitioner seeks to raise here, namely the alleged ineffectiveness of counsel was raised in the courts of the Commonwealth and for this reason is properly before this Court for consideration.[8]

The background to this prosecution is set forth in the November 29, 2011 Memorandum of the Superior Court citing to the opinion of the post-conviction court:

> On February 7, 2007, the Pennsylvania States Police were dispatched to Kino Road, Washington, Township, Lawrence County, Pennsylvania, where [Whisel] resided with his girlfriend[,] Amy Tillie[,] and her children. The troopers were directed to the residence after receiving information that an injured child may be located there. Troopers Dominick Caimona, Robert Lutes and Joseph Vascetti arrived at [Whisel]'s residence with Chrissy Montague and Sandy Copper from Lawrence County Children and Youth Services ['CYS']. They knocked on the rear door of the residence and [Whisel] answered. The troopers asked for permission to enter the residence, which [Whisel] denied at first, but subsequently allowed them inside. The troopers asked [Whisel] where the victim, [G.R.M.], was and he told them the victim was at Darlene Houk's [a neighbor's] residence. However, they searched the residence and discovered [Whisel] was lying. The victim, a three-year old child weighing less than 30 pounds, was located in a bedroom at the back of the house. When he was discovered by Sandy Copper and Chrissy Montague, the victim had severe bruising on his face, shoulder, abdomen and back. The victim informed Ms. Copper that 'Sam hurt me." [Whisel] explained that the injuries were caused by the victim falling down five wooden stairs covered by snow and ice, as they were returning home from Ms. Houk's residence at approximately 5:00 p.m. The victim was first taken to Jameson Memorial Hospital and then transferred to Children's Hospital of Pittsburgh for treatment of his injuries.
> [Whisel] was subsequently arrested and charged…
>
> At trial, the Commonwealth presented the expert testimony of Monique Higginbotham, M.D. […]. Dr. Higginbotham was the victim's treating physician at Children's Hospital. She explained that the victim had several bruises and abrasions on his face and head, including abrasions around his right temple, bruising of his right ear, smaller bruises on his lower jaw and chin and three bruises on the right side of his neck. There was also extensive bruising of his

---

[8]  The Commonwealth appears to argue that the issue raised in the state court was not based on federal standards. However, we note that the standard employed in gauging the effectiveness of counsel is the same in the Pennsylvania and federal courts. <u>Werts v. Vaughn</u>, 228 F.3d 178 (3d Cir.2000), cert. denied 532 U.S. 980 (2001).

abdomen, right shoulder, back and groin area. There was soft tissue swelling of the victim's scalp and it was tender to the touch. Further testing revealed that the victim suffered a fracture of the occipital bone. This fracture ranged from the forehead to the base of the skull. Dr. Higginbotham observed tongue lacerations resembling bite marks. In her professional opinion, the tongue lacerations were the result of the victim being struck in the face or head and biting his own tongue;. The victim also had elevated liver enzyme levels and blood in his urine from liver lacerations. The victim sustained injuries to his pancreas and kidneys as well. Additionally, the victim had retinal hemorrhaging which is caused by severe impact or shaking movement of the head. There was also a tear in the victim's frenulum that was most likely caused by being struck in the chin or mouth.

Dr. Higginbotham was able to form several opinions regarding these injuries. First, the skull fracture was life threatening and it was likely caused by being struck in the head and not from falling down wooden stairs. Also, the lacerated liver was potentially life threatening and is normally an injury caused by high velocity collisions, not falling down five stairs. Moreover, injuries to the pancreas usually occur when the body is met with a deep forceful blow. Dr. Higginbotham opined that the retinal hemorrhaging was not caused by roughhousing or being dropped. Combining all of the injuries observed, Dr. Higginbotham concluded that the injuries sustained by the victim were the result of being struck multiple times. There is no indication that these injuries could have been caused by roughhousing, being dropped or falling down wooden steps.

At trial, [Whisel] testified and recalled his version of the events which occurred on February 6, 2007. He stated that he went to Body Structure Gym to exercise and then went directly to Darlene Houk's residence to pick up the victim at 5:00 p.m. to return to their trailer. As they approached the trailer, [Whisel] remembered he needed to obtain something from his truck and the victim proceeded to walk up the steps to enter the residence. [Whisel] recalled that the victim fell down the steps and hit the front of his head. In response, [Whisel] carried the victim into the trailer and attempted to comfort him. Approximately five minutes later, [Whisel] was able to calm down the victim and he noticed a contusion on the front of the victim's forehead. [Whisel] stated that the victim was not acting strangely, and remained conscious. Shortly thereafter, [Whisel] and the victim began playing or wrestling. [Whisel] explained that he fell while running and holding the victim, which caused him to land on stop of the victim. As a result, the victim began crying again and stated that he wanted to go to bed. [Whisel] insisted that he did not intentionally hurt the victim.

Based on the evidence presented at trial, the jury found [Whisel] guilty on all of the aforementioned charges…

The essence of petitioner's challenge here is that trial counsel was ineffective in several respects. In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court

6

explained that there are two components to demonstrating a violation of the right to the effective assistance of counsel. First, the petitioner must show that counsel's performance was deficient. This requires showing that "counsel's representation fell below an objective standard of reasonableness." Id. at 688; see also Williams v. Taylor, 529 U.S. 362, 390-91 (2000). Second, under Strickland, the defendant must show that he was prejudiced by the deficient performance. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687, 104 S.Ct. 2052. To establish prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. The Strickland test is conjunctive and a habeas petitioner must establish both the deficiency in performance prong and the prejudice prong. See Strickland, 466 U.S. at 687; Rainey v. Varner, 603 F.3d 189,197 (3d Cir.2010) cert. denied 131 S.Ct. 1673 (2011). As a result, if a petitioner fails on either prong, he loses. Rolan v. Vaughn, 445 F.3d 671 (3d Cir.2006).

Petitioner's first claim is that counsel was ineffective for failing to introduce evidence to rebut the Commonwealth's medical evidence that the victim's injuries were life threatening. As the Superior Court observed "Whisel does not indicate in either his PCRA petition or his appellate brief that such a pediatric expert exists ... He further failed to attach an affidavit from any expert witness that he or she was willing and available to testify for the defense."[9] Thus, his claim here is purely speculative, and the finding of the state courts that no such evidence exists in entitled to a presumption of correctness. 28 U.S.C. §2254 (e)(1). For this reason counsel cannot be deemed ineffective under federal standards for failing to introduce non-existent evidence.

The next issue Whisel sets forth is that defense counsel was ineffective at sentencing when he failed to introduce evidence of the petitioner's mental health to focus on the issue of intent. Again as the Superior Court noted, "Whisel fails to state that an expert witness existed who would have testified that any of the aforementioned issues [child sexual abuse, prior head injury, familial history of bipolar disorder] would have had any effect on Whisel's intent on the

---

[9] Superior Court Memorandum of November 29, 2011 at p. 8.

day in question…"[10] Thus, again counsel cannot be deemed ineffective for failing to introduce non-existent evidence.

Whisel next claims that counsel was ineffective for failing to preserve a hearsay objection to Sandy Copper's testimony that the victim had identified petitioner as her assailant. Prior to trial the Commonwealth submitted a motion in limine seeking to allow the statement of Ms. Copper as an excited utterance. Counsel for the petitioner objected on hearsay grounds (TT.12/11/07 pp.9-12). The court deemed the statement an excited utterance and for this reason admissible (TT.12/12/07 p.118-119). It also noted the defense's objection to the ruling (TT.12/12/07 p.122). Copper a CYS supervisor testified that she arrived at the crime scene, located the child and had him transported to the hospital and that while removing the victim from the home he related that the petitioner had hurt him. (TT. 12/12/07 pp. 135-138).

Interestingly enough the petitioner testified that he hurt the victim but that the injuries were unintentional and they occurred while he was running with the victim and accidentally fell. (TT.12/13/07 pp.109-110). Evidentiary ruling only provide a basis for relief where they result in a denial of fundamental due process. Keller v. Larkins, 251 F.3d 408 (3d Cir.) cert. denied 534 U.S. 973 (2001). In the instant case, the statement of the victim and the petitioner are not conflicting. The only issue in conflict which the jury had to resolve was whether or not the injuries were inflicted intentionally. Counsel unsuccessfully objected to the admission of this evidence both at trial and on appeal and for this reason cannot be deemed to have been ineffective.

In this prosecution, the statement in question, admitted over the objection of defense counsel, merely served to corroborate the cause of the injuries, and did not result in a denial of fundamental due process. Thus, counsel cannot be deemed ineffective.

Finally, the petitioner argues that counsel was ineffective for failing to pursue the issues of the sufficiency of the evidence, exclusion of potentially biased jurors and failing to object to the trial court's instructions on attempted murder.[11]

The first issue concerns the sufficiency of the evidence. In considering such an issue a federal habeas court must determine whether any rational fact finder could determine guilt beyond a reasonable doubt.  Jackson v. Virginia 443 U.S. 307 (1979).

---

[10] Id.

[11] Out of an abundance of caution we address all of the issues raised by the petitioner in his state court appeal as his fourth issue.

Whisel was convicted of aggravated assault[12], criminal attempt to commit homicide[13], endangering the welfare of children[14], simple assault[15] and endangering another person[16]. While the defense was premised on lack of intent, this was an issue for resolution by the fact finder, and from the summary of the evidence presented above, it is clear that the evidence presented at trial was more than adequate to sustain the convictions. We also note that counsel did raise this issue on appeal and consequently cannot be deemed ineffective for failing to preserve this issue.

Whisel also contends that counsel was ineffective for failing to preserve an issue of juror bias. Specifically, in the Superior Court petitioner argued that counsel was ineffective for failing to exclude jurors who indicated that they knew victims of crimes and/or members of law enforcement. In this regard during the voir dire, the potential jurors were asked whether despite these relationships they could act impartially and only jurors who indicated that they could do so were not stricken (TT.12/11/07 pp.101-105, 114-125). At the post-conviction hearing trial counsel testified that he was seeking jurors who in light of the charges would not react emotionally and that it was his belief that mere association with a crime victim or law enforcement officer would not bias a juror (TT. 10/28/10 pp.56-57). He also testified that he is overcautious in his jury selection process and routinely makes numerous challenges (TT.10/28/10 p.56). Because the jurors testified that they could impartially consider the evidence, counsel cannot be deemed ineffective for failing to act further on this issue and cannot be deemed to have been ineffective for failing to raise it since this claim was raised in the state appellate courts.

Finally, Whisel contends that counsel was ineffective for failing to object to the jury instructions on intent to kill and/or use of deadly force. In reviewing jury instruction, a federal

---

[12]  18 Pa.C.S.A. §2702(a)(1): A person is guilty of aggravated assault if he attempts to cause serious bodily injury to another. or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life.

[13]  18 Pa.C.S.A. §901(a): A person commits an attempt when with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime.

[14]  18 Pa.C.S.A. §4304: a parent, guardian or other person supervising the welfare of a child under 18 years of age … if he knowingly endangers the welfare of the child by violating a duty of care, protection or support.

[15]  18 Pa.C.S.A. §2701(a)(1): A person is guilty of assault if he attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another.

[16]  18 Pa.C.S.A. §2705: A person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury.

habeas court must consider the particular instruction in light of the entire charge and not in isolation. Riley v. Taylor, 277 F.3d 261 (3d Cir.2001).

Specifically in this regard the petitioner argues that the trial court instructed the jury that Whisel *did* punch the victim thereby removing this issue from the jury's consideration. This argument is patently specious because the trial court instructed the jury as follows:

> I'm going to define the specific offenses and their elements for you. The Defendant has been charged with attempted murder. To find the Defendant guilty of this offense, you must find that the following three elements have been proven beyond a reasonable doubt. First element, that the Defendant did a certain act, that is, he did punch, strike and beat Gerald Mills… (TT.12/14/07 pp.51-52).

There is nothing in this instruction compelling a conclusion that the court removed this element from the jury's consideration, but rather the court was merely summarizing the necessary elements of the offense. Indeed, as the Superior Court observed the instruction merely reiterated the standard Pennsylvania jury instruction.[17] Thus, this allegation is meritless.

Since counsel cannot be deemed to have been ineffective for failing to raise meritless, issues, Real v. Shannon, 600 F.3d 302 (3d Cir.2010), it cannot be concluded that the petitioner's right to the effective assistance of counsel has been violated.

For the above stated reasons, the petitioner has failed to demonstrate that his conviction and sentence were secured in a manner that was contrary to clearly established federal law or involved an unreasonable application of clearly established federal law as required by 28 U.S.C. §2254(d)(1) and he is not entitled to relief here. Accordingly, it is recommended that the petition of Samuel E. Whisel for a writ of habeas corpus be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections within fourteen (14) days of this date. Failure to do so will waive the right to appeal.

<div style="margin-left: 50%;">

Respectfully submitted,
s/ Robert C. Mitchell
United States Magistrate Judge

</div>

Filed: August 8, 2012

---

[17] Superior Court Memorandum of Nov. 29, 2011 pp16-17.